UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**THOMAS C. HOY**  Case No.: 3:13–cv–01098–HZ
**Plaintiff(s),**

v.

**STEVE WARDEN, et al.**
**Defendant(s).**

_____ /

<u>Civil Case Assignment Order</u>

**1. Presiding Judge:** The above referenced case has been filed in the Portland Division of the U.S. District Court for the District of Oregon and assigned to:

> Presiding Judge......................Hon. Marco A. Hernandez
> Presiding Judge's Suffix Code*............................HZ
>
> *These letters must follow the case number on all future filings.

**2. Courtroom Deputy Clerk:** Questions about the status or scheduling of this case should be directed to:

> Michelle Rawson
> Telephone: 503–326–8051
> Email: michelle_rawson@ord.uscourts.gov

**3. Case Administrator/Docket Clerk:** Questions about filings or docket entries in this case should be directed to:

> Telephone: 503–326–8050

**4. Place of Filing:** Any paper filings must be submitted to the Clerk of Court, Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR, 97204. (*See* LR 3–3, LR 100–2, and LR 100–5.)

**5. District Court Website:** Information about local rules of practice, CM/ECF electronic filing requirements, responsibility to redact personal identifiers from filings, and other related information can be found on the Court's website at ord.uscourts.gov.

**6. Consent to a Magistrate Judge:** In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all United States Magistrate Judges in the District of Oregon are certified to exercise civil jurisdiction in assigned cases and, with the consent of the parties, enter final orders on dispositive motions, conduct trial, and enter final judgment, which may be appealed directly to the Ninth Circuit Court of Appeals.

   Parties are encouraged to consent to the jurisdiction of a Magistrate Judge by signing and filing the (attached) Consent to Jurisdiction by a United States Magistrate Judge and Designation of the

Normal Appeal Route. (*See* LR 100–5(a).) There will be no adverse consequences if a party elects not to consent to a Magistrate Judge. A Magistrate Judge, however, may be able to resolve a case earlier as they are primarily assigned only to civil cases.

Additional information about United States Magistrate Judges in the District of Oregon is available on the Court's website.

**DATED:  July 1, 2013**  **MARY L. MORAN**
**Clerk of Court**

by: /s/ C. Brost
C. Brost, Deputy Clerk

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **THOMAS C. HOY**<br>**Plaintiff(s),**<br><br>v.<br><br>**STEVE WARDEN, et al.**<br>**Defendant(s).** | Case No.: 3:13–cv–01098–HZ |

_____/

**<u>Discovery and Pretrial Scheduling Order</u>**

To facilitate discovery and the effective management of this case, the Court orders that:

**1.  Discovery and Pretrial Deadlines:** Unless otherwise ordered by the Court, the parties shall,

  a.  within 120 days of this Order:
   i.  File all pleadings pursuant to Fed. R. Civ. P. 7(a) and 15;
   ii.  Join all claims, remedies, and parties pursuant to Fed. R. Civ. P. 18 and 19;
   iii.  File all pretrial, discovery, and dispositive motions;
   iv.  Complete all discovery; and
   v.  Confer as to Alternate Dispute Resolution pursuant to LR 16–4(c).

  b.  within 150 days of this Order:
   i.  File a Joint ADR Report pursuant to LR 16–4(d); and
   ii.  File a Proposed Pretrial Order pursuant to LR 16–5.

**2.  Corporate Disclosure Statement:** In accordance with Fed. R. Civ. P. 7.1 and LR 7.1–1, any non–governmental corporate party must file a corporate disclosure statement concurrently with its first appearance (*See also* LR 83–9).

**3.  Initial Conference of Counsel for Discovery Planning:**

  a.  Except in cases exempted under Fed. R. Civ. P. 26(a)(1)(B), upon learning the identity of counsel for Defendant(s), counsel for the Plaintiff(s) must initiate communications with counsel for Defendant(s).

  b.  All counsel must then confer as required by Fed. R. Civ. P. 26(f) within thirty (30) days after all Defendants have been served. (*See* LR 26–1.)

  c.  Counsel should also discuss their client's positions regarding:

   i.  Consent to a Magistrate Judge; and
   ii.  Alternate Dispute Resolution options. ADR options include judicial settlement conferences, Court–sponsored mediation with lawyer–mediators from two panels (general civil and foreclosure) of highly qualified mediators, or referral to the Court's Staff Mediator. Court–sponsored mediators agree to conduct mediation without cost to the Court or parties for four (4) hours, exclusive of preparation and travel time to and from the agreed location for mediation. Parties are encouraged to

visit the Court's website for additional ADR information, including mediator biographies, subject–matter expertise, and contact information.

        d.      If counsel for all of the parties agree to forgo the initial disclosures required by Fed. R. Civ. P. 26(a)(1), they shall file with the Court the Fed. R. Civ. P. 26(a) Discovery Agreement form issued with this order (*See* LR 26–2). Whether or not the parties agree to forgo the initial disclosures, they may seek discovery once the initial conference of counsel for discovery planning contemplated by Fed. R. Civ. P. 26(f) has occurred. (*See* LR 26–1.)

**4.**    **Rule 16 Court Conference for Scheduling and Planning:** Counsel for Plaintiff(s) and for Defendant(s) must, during or promptly after the conference of counsel referred to in section 3 above, contact the assigned judge's courtroom deputy clerk to schedule a Rule 16 Conference for scheduling and planning. (*See* LR 16–2.)

At the Rule 16 Conference, the parties must be prepared to discuss discovery, whether there is consent to a Magistrate Judge, and any scheduling or other issues, including any requested modifications to the initial scheduling order set forth in section 1 above.

**5.**    **Service of this Order:** Counsel for the Plaintiff (the "filing party") must serve this order and all attachments upon all other parties to the action. (In cases removed to this Court, the removing defendant is considered the "filing party.") (*See* LR 3–5.)

**DATED: July 1, 2013**                      **MARY L. MORAN**
                                                   **Clerk of Court**

                                            by:  /s/ C. Brost
                                                      C. Brost, Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**THOMAS C. HOY**  Case No.: 3:13–cv–01098–HZ
**Plaintiff(s),**

v.

**STEVE WARDEN, et al.**
**Defendant(s).**

_____ /

**Fed. R. Civ. P. 26(a) Discovery Agreement**

    Pursuant to LR 26–2, I state that the parties who have been served and who are not in default have agreed to forgo the disclosures required by Fed. R. Civ. P. 26(a)(1).

**DATED:** _____

**Signature:** _____
**Name and OSB ID:** _____
**E–mail Address:** _____
**Firm Name:** _____
**Mailing Address:** _____
**City, State, Zip:** _____
**Parties Represented:** _____

cc: Counsel of Record

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

**THOMAS C. HOY**
 **Plaintiff(s),**

**v.**

**STEVE WARDEN, et al.**
 **Defendant(s).**

Case No.: 3:13–cv–01098–HZ

_____ /

## Consent to Jurisdiction by a Magistrate Judge and Designation of the Normal Appeal Route

 Pursuant to Fed. R. Civ. P 73(b), as counsel for the party (parties) identified below, I consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment. I understand that withholding consent will not result in any adverse consequences. Pursuant to Fed. R. Civ. P. 73(c), I agree that any appeal from a final order or judgment entered by a United States Magistrate Judge shall proceed directly to the United States Court of Appeals for the Ninth Circuit.

**DATED:** _____

    **Signature:** _____
**Name and OSB ID:** _____
  **E-mail Address:** _____
    **Firm Name:** _____
 **Mailing Address:** _____
  **City, State, Zip:** _____
**Parties Represented:** _____

cc: Counsel of Record

# U.S. District Court – Oregon
# Civil Case Management Time Schedules

| Local Rule | Event or Requirement | Time Frame | Comment |
|---|---|---|---|
| LR 16–1(d) | Discovery and Pretrial Scheduling Order (with attachments) | Issued by the Clerk's Office at new civil case initiation, along with the summonses | Required to be served on all parties by the filing party (*See* LR 3–5) |
| LR 26–1 | Initial Conference for Discovery Planning | Within 30 days after all defendants have been served | Held between the parties |
| LR 16–2 | Rule 16 Conference | Scheduled by the assigned judge after the required LR 26–1 initial discovery planning conference | Affirmative duty on all counsel to contact the assigned judge's courtroom deputy (*See* LR 16–2(a)) |
| LR 16–4(c) | ADR Conference Requirements | Within 120 days from the date the Discovery and Pretrial Scheduling Order is issued | Parties must confer with other attorneys and unrepresented parties to discuss ADR options |
|  | Joint Status Report | Within 120 days from the date the Discovery and Pretrial Scheduling Order is issued | Required in cases assigned to Judge Jones |
| LR 16–2(e) | Completion of Discovery | Unless otherwise ordered by the Court, within 120 days from the date the Discovery and Pretrial Scheduling Order is issued | Discovery deadlines are set forth in the Discovery and Pretrial Scheduling Order |
| LR 16–4(d) | Joint ADR Report | Within 150 days from the date the Discovery and Pretrial Scheduling Order is issued | The parties must file a Joint ADR Report |
| LR 16–5 | Joint Proposed Pretrial Order | Unless otherwise modified pursuant to LR 16–5(a), within 150 days from the date the Discovery and Pretrial Scheduling Order is issued | The Joint Proposed Pretrial Order filing deadline is established in the Discovery and Pretrial Scheduling Order |
| LR 16–4(f)(2)(B) | Notice to the Court that the Parties Are Unable to Select a Court–sponsored Mediator from the Court's list of mediators | Within fourteen (14) days after entry of a court order referring a case for Court–sponsored mediation | Plaintiff's attorney (or the *pro se* plaintiff) is responsible for notifying the assigned judge who will then designate a mediator |
| LR 16–4(h)(1) | Notification of Private ADR Results | Not later than seven (7) days after the conclusion of private ADR proceedings | Plaintiff's attorney (or the *pro se* plaintiff) is responsible for notifying the court |
| LR 16–4(h)(2) | Report of Court–sponsored Mediator | Not later than seven (7) days following the conclusion of the mediation if no settlement is achieved | Court–sponsored mediator is responsible for notifying the court |