**Jens Schmidt, OSB #843417**
jens.schmidt@harrang.com
**Andrea D. Coit, OSB #002640**
andrea.coit@harrang.com
**JoLynn G. McCulloch, OSB #000293**
jolynn.mcculloch@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     541.485.0220
Facsimile:     541.686.6564
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **THOMAS C. HOY,**<br><br>Plaintiff,<br><br>vs.<br><br>**YAMHILL COUNTY, a public municipality, et al.,**<br><br>Defendants. | Case No. 3:13-cv-01098-HZ<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO AMEND** |

As explained below, the deadline for filing pleadings and joining claims, remedies and parties expired March 14, 2014. Plaintiff's Opposed Motion to Amend is tardy, and he has not demonstrated good cause for allowing him to amend his complaint now. The court should therefore deny his motion.

In preparation for the Rule 16 Conference in this case on October 25, 2013, Defendants' attorney sent the court an email on October 23, 2013, advising the court that the parties would

Page 1 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO AMEND**

request an extension of the deadlines in the court's Discovery and Pretrial Scheduling Order dated July 1, 2013. Declaration of Jens Schmidt in Support of Defendants' Response to Plaintiff's Opposed Motion to Amend, ¶ 2 and Ex. 1. The email advised the court that the parties would seek an extension until March 14, 2014, for filing all pleadings; joining all claims, remedies, and parties; filing all discovery motions; completing discovery; and conferring as to alternate dispute resolution. The court agreed to those extensions, and issued a minute order on October 25 which Defendants' attorneys understood to capture the deadline for filing all pleadings under the deadline for completing discovery. (If Defendants' attorney misunderstood the minute order, then the deadline for filing pleadings and joining all claims, remedies and parties was 120 days from the court's Discovery and Pretrial Scheduling Order dated July 1, 2013: October 29, 2013.)

While the parties have requested and the court has granted extensions of the deadline for completing discovery, neither of the parties have moved to extend the deadline for filing pleadings and joining claims, remedies and parties, until Plaintiff's July 16 motion.

Plaintiff's motion is therefore untimely. Plaintiff filed his motion four months after the March 14 deadline for amendment of pleadings.

Courts generally apply a liberal policy of allowing amendments to pleadings. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, when a court files a pretrial scheduling order establishing the timetable for amending the pleadings, courts "should address the issue under Federal Rule of Civil Procedure 16" if the deadline expires before a party moves to amend. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). A party must satisfy the more stringent "good cause" showing required under Rule 16 when that party files a tardy motion to extend the deadline for amending the pleadings. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). The inquiry under the good cause standard "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court "may modify

Page 2 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO AMEND**

the pretrial schedule if it reasonably cannot be met despite the diligence of the party seeking the extension." *Id.* (internal quotation omitted). Thus, if the party was not diligent, the inquiry should end. *Id.*

The main substantive changes in Plaintiff's proposed First Amended Complaint are (1) the addition of specifications of negligence h, i, and j in paragraph 74, (2) the addition of a sixth claim for relief for negligence, and (3) the addition of a seventh claim for relief for retaliation under ORS 659A.203. Plaintiff does not explain why he could not have sought these amendments earlier in the case, and if he could not, why he did not move for an extension of the deadline for filing all pleadings and joining all claims, remedies and parties before that deadline expired.

Plaintiff's attorney first discussed amending Plaintiff's Complaint with Defendants' attorney on March 28, 2014. She stated that she was considering dismissing Defendant Pat Anderson from the case and that she might dismiss one or more of Plaintiff's claims, or parts of claims, but she was not more specific than that. Defendants' attorney asked her to send him the proposed Amended Complaint. Schmidt Dec., ¶ 3.

On April 11, 2014, Plaintiff's attorney sent Defendants' attorney an email in which she invited Defendants' attorney to confer about Defendants' dispositive motions, stating that some of the issues which might be raised in those dispositive motions might be resolved through the amendment of Plaintiff's Complaint. Schmidt Dec., ¶ 4 and Ex. 2.

Defendants' attorney responded that the deadline for amending pleadings had expired on March 14. He stated that he understood that Plaintiff's attorney was going to send him a proposed amended complaint which would dismiss some claims or parties. He stated that he would not oppose amendments which dropped claims or parties, but would object to amendments to add claims or parties or to materially change the claims which were already in Plaintiff's Complaint. He declined Plaintiff's attorney's suggestion that they confer about Defendants' dispositive motions, which at that time were not due until July 15, 2014. He stated

Page 3 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO AMEND**

that he was not inclined to confer about Defendants' dispositive motions before he read Plaintiff's proposed Amended Complaint because doing so would give Plaintiff the opportunity to amend his complaint so as to avoid Defendants' motions. (The parties did later confer on Defendants' Motions on May 8, 2014, discussing the proposed motion in detail over the course of a phone conversation that lasted about 45 minutes.) Schmidt Dec., ¶ 4 and 6 and Ex. 4.

Defendants' attorney reiterated his objections to the filing of an Amended Complaint in a conversation with Plaintiff's attorney on April 15, and he continued to reiterate his objections during the following months. Declaration of Samantha Copeland in Support of Plaintiff's Opposed Motion to Amend, ¶¶ 8 and 9; Schmidt Dec., ¶¶ 5-7 and Exs. 3 and 4.

Defendants' attorney again asked to see the proposed Amended Complaint on April 16. Schmidt Dec., ¶ 8 and Ex. 3.

In her May 13, 2014, letter to Defendants' attorney, Plaintiff's attorney addressed the issue of the proposed Amended Complaint. After acknowledging that she missed the deadline for amending pleadings, she continued to be vague about the proposed amendments, stating that they would "incorporate triable issues of fact which exist," and that they would not "significantly change facts or essential allegations." Declaration of Samantha Copeland in Support of Plaintiff's Motion to Compel, Ex. 4, p. 2.

In an email on May 16, Plaintiff's attorney stated that, "[a]s to the amendments, in addition to what I've explained previously, the exact scope is difficult to define at this time as it is dependent upon additional discovery and depositions." Schmidt Dec., ¶ 7.

Defendants' attorney did not receive a copy of Plaintiff's proposed Amended Complaint until it was served on him as an exhibit to Plaintiff's Opposed Motion to Amend on July 16. Schmidt Dec., ¶ 8.

/ / / /

/ / / /

/ / / /

Plaintiff was not diligent in seeking either to amend his complaint or to seek an extension of the deadline to do so. Plaintiff's attorney acknowledged two months ago that she missed the deadline for amending pleadings but made no effort to extend that deadline until July 15, 2014. The court should deny Plaintiff's Opposed Motion to Amend.

DATED this 31st day of July, 2014.

                HARRANG LONG GARY RUDNICK P.C.

                By:   s/ Jens Schmidt
                     Jens Schmidt, OSB #843417
                     jens.schmidt@harrang.com
                     Andrea D. Coit, OSB #002640
                     andrea.coit@harrang.com
                     JoLynn G. McCulloch, OSB #000293
                     jolynn.mcculloch@harrang.com
                     Telephone:   541.485.0220
                     Facsimile:    541.686.6564
                     Of Attorneys for Defendants

# CERTIFICATE OF SERVICE

I certify that on July 31, 2014, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO AMEND** on the party or parties listed below as follows:

☒ Via CM / ECF Filing
☐ Via First Class Mail, Postage Prepaid
☐ Via Email
☐ Via Personal Delivery

Samantha J. Copeland
Attorney at Law
PO Box 19897
Portland, OR 97280
  Attorney for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By: s/ Jens Schmidt
    Jens Schmidt, OSB #843417
    jens.schmidt@harrang.com
    Andrea D. Coit, OSB #002640
    andrea.coit@harrang.com
    JoLynn G. McCulloch, OSB #000293
    jolynn.mcculloch@harrang.com
    Telephone:    541.485.0220
    Facsimile:    541.686.6564
    Of Attorneys for Defendants

00617340.v1

**CERTIFICATE OF SERVICE**