IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS C. HOY,

                Plaintiff,

     v.

STEVE WARDEN, YAMHILL COUNTY,
YAMHILL COUNTY SHERIFF'S OFFICE,
RICK SANAI, and JACK CRABTREE,

             Defendants.

No. 3:13-cv-01098-HZ

OPINION & ORDER

Samantha Jean Copeland
Attorney at Law
P.O. Box 19897
Portland, OR 97280

     Attorney for Plaintiff

Andrea D. Coit
Jens Schmidt
Harrang Long Gary Rudnick P.C.
360 E. 10th Ave, Ste 300
Eugene, OR 97401

1 - OPINION & ORDER

Jolynn G. McCulloch
Harrang Long Gary Rudnick, PC
1001 SW Fifth Ave, Ste 1650
Portland, OR 97204-1116

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Thomas Hoy brings this action for violation of his due process rights, breach of contract, defamation, and intentional interference with economic and prospective economic relations. Plaintiff moves for leave to file an amended complaint [32]. Because the amendment will not prejudice Defendants, produce undue delay, was not brought in bad faith, and is not futile, I grant the motion for leave to file an amended complaint.

### BACKGROUND

Plaintiff is a former deputy sheriff of the Yamhill County Sheriff's Office. Compl. ¶¶ 5, 12. Plaintiff alleges that his supervisor, Defendant Steve Warden, made false statements in a May 2009 performance appraisal. Id. at ¶ 15. Plaintiff was assigned a new supervisor and received positive performance appraisals thereafter. Id. at ¶ 18. In late 2010, Plaintiff's personnel file was subpoenaed in a criminal DUI proceeding. Id. at ¶ 19. The personnel file included the negative performance appraisal from May 2009. Id. at ¶ 21. Plaintiff sought to have the negative performance appraisal removed and Defendant Warden admitted that the appraisal contained false statements. Id. at ¶¶ 23-24.

On May 30, 2011, Plaintiff prepared and obtained a search warrant which led to the arrest of a suspect. Id. at ¶ 26. On June 1, 2011, Plaintiff was informed that there was a problem with the search warrant, was read his Miranda rights, and then taken to an investigation room. Id. at ¶ 27. Defendant Warden conducted the investigation into Plaintiff's actions and accused Plaintiff of false swearing. Id. at ¶ 28. Plaintiff was told to either resign or face an internal investigation.

2 - OPINION & ORDER

Id. at ¶ 29.  Plaintiff resigned on the conditions that there would not be an investigation and that he would receive a favorable recommendation from the Sheriff's Office.  Id. at ¶¶ 30-31.

Plaintiff attempted to revoke his resignation and to obtain a "name-clearing" hearing.  Id. at ¶ 32, 42.  His attempts were not successful.  Plaintiff's personnel file has since been subpoenaed in three other criminal cases.  Id. at ¶ 40.  Plaintiff has sought other law enforcement jobs in Oregon, but has not been hired.  Id. at ¶ 45.

## STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."  The court should apply the rule's "policy of favoring amendments with extreme liberality."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation omitted); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  The district court may deny leave to amend if the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).  Prejudice to the opposing party is given greater weight in the analysis. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  Delay, by itself, will not justify denying leave to amend.  DCD Programs, 833 F.2d at 186.  The timing of the motion to amend following discovery and with a pending summary judgment motion, weighs heavily against allowing leave.  Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir. 1991).

## DISCUSSION

Plaintiff seeks to amend his complaint by revising allegations to conform to the evidence produced during discovery, revising count II of claim 1 to include violations of Oregon's public

3 - OPINION & ORDER

records law, naming Defendant Jack Crabtree under count III of claim 1, providing additional

detail to the claim for count III of claim 1, removing the dollar amount of noneconomic damages,

and adding claims for negligence and retaliation.  Pl.'s Mot. Amend 2; Copeland Decl. [33] Ex.

1.

Defendants oppose the proposed amendment to the complaint.  Defendants argue that

Rule 15's four-factor test does not apply because the parties had agreed to a March 14, 2014

deadline to amend all pleadings.  Schmidt Decl. Ex. 1.  Because Plaintiff seeks to amend a

scheduling order under Rule 16, Plaintiff must show "good cause" for failing to amend the

pleading before the deadline.  Def.'s Resp. 2 (citing Coleman v. Quaker Oats Co., 232 F.3d

1271, 1294 (9th Cir. 2000).  If a party seeks to amend the pleading after the date specified in a

scheduling order, the party must first show "good cause" for amendment under Rule 16.

Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).  "Unlike Rule 15(a)'s

liberal amendment policy which focuses on the bad faith of the party seeking to interpose an

amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard

primarily considers the diligence of the party seeking the amendment."  Id. at 609.  After good

cause is shown, the analysis shifts to whether amendment is proper under Rule 15.  Id. at 608.

In an email to the court before the Rule 16 conference, the parties proposed to amend all

pleadings by March 14, 2014.  However, the minutes from the Rule 16 conference does not

reflect such a deadline.  Oct. 13, 2013 Minutes [7].  Of the various proposed deadlines, only the

March 14, 2014 discovery deadline was adopted.[1]  Id.  Alternatively, Defendants argue that the

deadline for amending pleadings was October 29, 2013, 120-days after the initial pretrial

deadlines that were set on July 1, 2013.  Def.'s Resp. 2.  This case was filed on July 1, 2013, and

---

[1] The discovery deadline was subsequently extended three more times.  Feb. 19, 2014, May 7, 2014, and May 19, 2014 Orders [16, 21, 27].

4 - OPINION & ORDER

a discovery and pretrial schedule issued that same day. Jul. 1, 2013 Order [2]. The order states

that the parties must "[f]ile all pleadings pursuant to Fed. R. Civ. P. 7(a) and 15" within 120-days

of the order. Id. at 3.

I am not persuaded that the deadline to amend pleadings was October 29, 2013, 120-days

from the court's July 1, 2013 scheduling order. Although the March 14, 2014 deadline was not

adopted during the Rule 16 conference, the parties operated under that deadline. Schmidt Decl.

Ex. 2. However, because this deadline is not reflected in the minutes from the Rule 16

conference, I will forego the Rule 16 "good cause" analysis and proceed to the Rule 15 four-

factor test.

The motion to amend may be denied if Defendants will be prejudiced, Plaintiff brought

the motion in bad faith, the amendment will result in undue delay, or the amendment is futile. I

do not find that any of these factors weigh against granting leave to amend. Defendants fault

Plaintiff for not being more diligent in moving this case forward during discovery. Even so, I do

not find that Plaintiff acted in bad faith or that amendment would cause undue delay. The

underlying allegations of the complaint will remain substantially the same even if leave to amend

is granted.[2]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Defendants filed their motion for summary judgment on September 12, 2014, despite pending motions to compel [29] and leave to file an amended complaint [32]. Even with a pending motion for summary judgment, I find that granting leave to amend would not cause undue delay.

5 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to file an amended complaint [32] is

granted.  Plaintiff shall file the proposed amended complaint, attached as Exhibit 1 to the

Copeland Declaration [33], within seven days of this order.

IT IS SO ORDERED.


Dated this __16__ day of September, 2014.



_____
MARCO A. HERNÁNDEZ
United States District Judge


6 - OPINION & ORDER