IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS C. HOY,

        Plaintiff,

    v.

YAMHILL COUNTY, et al.,

        Defendants.

No. 3:13-cv-01098-HZ

OPINION & ORDER

Samantha J. Copeland
P.O. Box 19897
Portland, OR 97280

Sheri C. Browning
Brisbee & Stockton, LLC
P.O. Box 567
139 NE Lincoln St.
Hillsboro, OR 97123

        Attorneys for Plaintiff

//

//

OPINION & ORDER - 1

Jens Schmidt
Harrang Long Gary Rudnick, PC
360 E. 10th Ave. Ste. 300
Eugene, OR 97401

JoLynn G. McCulloch
Harrang Long Gary Rudnick, PC
1001 SW Fifth Ave., 16th Floor
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      In June of 2011, Plaintiff Thomas Hoy resigned from his position as Deputy Sheriff of the Yamhill County Sheriff's Office amidst an internal investigation into whether he had made a false statement on a search warrant affidavit. Hoy later filed suit alleging violations of his federal constitutional rights and asserting a number of state law claims. On May 8, 2015, the Court granted Defendants' motion for summary judgment against all of Hoy's claims, and entered judgment dismissing the case. ECF Nos. 86 & 87. Hoy's attorney missed the deadline for filing an appeal with the Ninth Circuit, and has moved the Court for an extension of time. The motion is denied.

      According to Federal Rule of Appellate Procedure 4(a)(1)(A), Hoy had thirty days from the entry of judgment to file a Notice of Appeal. However, since the thirtieth day fell on Sunday, June 7, 2015, Hoy had until Monday, June 8, to file the Notice of Appeal. See FED. R. APP. P. 26(a)(1)(C). Around 2:00 p.m. on June 8, Hoy's attorney, Ms. Samantha Copeland, successfully logged onto the Court's electronic docketing system, CM/ECF. Copeland Declaration ("Decl."), ECF No. 92, ¶ 10; Exhibits ("Exs.") B–E to Copeland Decl. However, she did not file Hoy's Notice of Appeal at that time. See Copeland Decl. ¶ 10. This was Ms. Copeland's first appeal, and she claims to have received advice from a more experienced attorney to "simultaneously file

a Representation Statement" with the Notice of Appeal. Copeland Decl. ¶¶ 8–10. For unexplained reasons, Ms. Copeland did not complete the Representation Statement until sometime around 11:00 p.m. on June 8. Copeland Decl. ¶¶ 11–12. She then attempted to login to CM/ECF to complete her filing, but she was unable to do so due to unexplained technical difficulties. Copeland Decl. ¶ 12. With the deadline fast approaching, Ms. Copeland scrambled to fix her login problems to no avail, and she was unable to successfully file the Notice of Appeal before the time to do so expired. Copeland Decl. ¶ 12;Exs. B–E to Copeland Decl.

The next day, Ms. Copeland contacted a staff member in the Clerk's Office for the District of Oregon who was able to resolve her login problems. Copeland Decl. ¶ 16. Inexplicably, however, Ms. Copeland did not file the Notice of Appeal and Representation Statement at that time either—she claims she had "other business that [she] needed to attend to that day." Copeland Decl. ¶ 17. Apparently, she believed that District of Oregon Local Rule 6 applied to extend the deadline to file the notice of appeal by three days "to allow for service of the judgment." Copeland Decl. ¶ 7, 17. She eventually filed the notice of appeal [88] on Wednesday, June 10, 2015.

Opposing counsel notified Ms. Copeland on June 12 of his intent to file a motion to dismiss the appeal as untimely. After discussing with Ms. Copeland the circumstances around the missed deadline and her mistaken belief about the applicability of Local Rule 6, he filed the motion to dismiss on June 24, 2015. Ms. Copeland then moved this Court for an extension of time to file an appeal. She argues that the technical failures she experienced while attempting to login to CM/ECF to file the notice of appeal on June 8, 2015, constitute good cause for missing the appeal deadline. Alternatively, she asks the Court to exercise its discretion and find that her

OPINION & ORDER - 3

failure to timely file the notice of appeal was due to "excusable neglect" and grant her additional time to file it.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that "[i]n a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." The Appellate Rules provide "for a grace period of 30 days within which a lawyer . . . may ask the district court for an extension of time, and the court, in the exercise of its discretion, may grant the extension if it determines that the neglect of the attorney was 'excusable' " or the attorney otherwise demonstrates good cause. Pincay v. Andrews, 389 F.3d 853, 854 (9th Cir. 2004); FED. R. APP. P. 4(a)(5)(A)(i)–(ii).

"Good cause applies when there has been no fault by the appellant, excusable or otherwise. This generally occurs when the delay is caused by persons outside the control of the appellant." Doe v. Hous. Auth. of Portland, No. 3:13-CV-1974-SI, 2015 WL 1729542, at *1 (D. Or. Apr. 15, 2015) (citing FED. R.APP. P. 4 Adv. Comm. Notes to 2002 Amendments) (internal citation omitted).

Ms. Copeland has not demonstrated good cause in this case. She was, in fact, able to login to the CM/ECF system in the afternoon of June 8. She made a conscious choice at that time to wait until she could complete the representation statement before filing the notice of appeal. But the representation statement is not a jurisdictional document, and it is not necessary to file one to perfect an appeal. FED. R.APP. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."); FED. R.APP. P. 12(b) Adv. Comm. Notes to 1993 Amendments ("[W]henever an attorney files a notice of appeal, the attorney must soon thereafter file a statement indicating all parties represented on the appeal by that attorney. Although the

OPINION & ORDER - 4

notice of appeal is the jurisdictional document . . . the representation statement will be helpful especially to the court of appeals in identifying the individual appellants."). Ms. Copeland's decision to wait to file the notice of appeal was not a "delay . . . caused by persons outside the control of the appellant," and thus does not constitute good cause Doe, 2015 WL 1729542 at *1.

Furthermore, Ms. Copeland's difficulty logging into CM/ECF in the waning moments before the deadline expired does not constitute good cause. There is no evidence in the record of a systemic failure of CM/ECF on June 8, 2015, or that any other litigant was unable to use the Court's electronic filing system that night. When she called the clerk for assistance the next day, she was able to login without any difficulty. Had she not waited until literally the eleventh hour to attempt to file the notice of appeal, she could have contacted court staff to resolve the issue before the deadline had expired.

Ms. Copeland and her new co-counsel's citation to Ticknor v. Choices Hotels Int'l, Inc., 275 F.3d 1164, 1165 (9th Cir. 2002) in support of the argument for good cause is entirely unavailing. In that case, the Ninth Circuit found "good cause" for counsel's late filing of a bill of costs: the Federal Aviation Administration had temporarily closed United States airspace to commercial aviation following the September 11th attacks, which caused nationwide delays in mail delivery. Id. The stark differences in the circumstances surrounding the late filing in that case and the present case speak for themselves.

As for "excusable neglect," courts use a four-part balancing test for determining whether a party has made the required showing: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the

moving party's conduct was in good faith. Pincay, 389 F.3d at 855 (citing Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993)).

In this case, there is no real danger of prejudice to the non-moving party, the length of delay was only two days, and it appears that Ms. Copeland acted in good faith. However, the reasons for the delay weigh heavily against granting an extension of time to appeal in this case.

First, Ms. Copeland chose not to file the notice of appeal in the afternoon of June 8 because she mistakenly believed she needed to file the representation statement at the same time. Her failure to read or her misinterpretation of the simple and unambiguous rules for filing an appeal is not "excusable neglect." Kyle v. Campbell Soup Co., 28 F.3d 928, 931 (9th Cir. 1994), as amended on denial of reh'g (Apr. 8, 1994) ("Although the Court in Pioneer recognized that "excusable neglect" is a flexible, equitable concept, the Court also reminded us that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.") (quoting Pioneer, 507 U.S. at 392).

Second, Ms. Copeland inexplicably failed to file the notice of appeal after she received assistance from the clerk's office with her CM/ECF login problems the following day. She claims that she had "other business . . . to attend to that day," but the Court emphatically declines to endorse that reason as sufficient to find "excusable neglect." Most every lawyer has "other business" he or she could attend to at any given time. Ms. Copeland's decision to give priority to other tasks as Mr. Hoy's appeal withered on the vine is not "excusable" neglect.

Moreover, Ms. Copeland's mistaken belief that Local Rule 6 gave her three additional days to timely file the notice of appeal is not excusable neglect for two reasons. First, it is inconsistent as a matter of fact with her frantic attempts on the night of June 8 to file the notice of appeal. Second, Local Rule 6 and the related Federal Rule of Civil Procedure 6(d)

OPINION & ORDER - 6

unambiguously state that the additional time only applies to deadlines that are triggered by the service of document. The deadline for filing the notice of appeal must be "filed with the district clerk within 30 days after *entry* of the judgment," not the service of it. FED. R. APP. P. 4(a)(1)(A) (emphasis added). The Ninth Circuit in Kyle found that an attorney's similar mistake in misreading former Federal Rule of Civil Procedure 6(e) to add "three days for service by mail to a time period running from docketing of an order or judgment" was not excusable neglect. Kyle, 28 F.3d at 931. Ms. Copeland has "not presented a persuasive justification" for her "misconstruction of nonambiguous rules," and thus the Court declines to find excusable neglect here. Id. at 931–32.

Finally, the Court notes that this is not an isolated incident in this case. Ms. Copeland repeatedly missed deadlines throughout the prosecution of this case, for example:

- Ms. Copeland filed a motion to compel after the close of discovery on July 15, 2014 (motion filed at 12:14 a.m. on July 16, 2014). ECF No. 29.
- Ms. Copeland filed a motion to extend discovery and amendment deadlines on July 18, 2015, three days after the discovery deadline expired and four months after the deadline to file an amended complaint had passed. ECF No. 34
- Ms. Copeland filed Plaintiff's response to Defendants' motion for summary judgment on November 28, 2014, four days after the deadline to respond had expired on November 24, 2014. Ms. Copeland then filed a motion for an extension of the deadline on December 3, 2014, more than a week after the deadline had already passed. The Court allowed the untimely filing. ECF Nos. 57–67.
- Ms. Copeland filed a motion to compel on December 11, 2014, more than two months after fact discovery closed on October 9, 2014. The Court denied the motion and noted that it "was untimely and Plaintiff has not been diligent in discovery matters." ECF Nos. 69, 78.

The Court provided Ms. Copeland a number of reprieves from these deadlines and other rules in an effort to ensure Mr. Hoy had his day in court, including the unusual step of allowing Ms. Copeland to submit an amended complaint after Defendants had already filed a motion for

OPINION & ORDER - 7

summary judgment. See Dkt. No. 47. Moreover, Ms. Copeland's filings and written arguments were plagued by mistakes, such as citing to evidence that was not submitted to the Court or did not support her arguments, misquotation of case law, and mischaracterization of deposition testimony, which greatly increased the demands on Court in resolving the case. See, e.g., Plaintiff's Response to Motion for Summary Judgment, ECF No. 58, at 18 (in which nearly all evidence cited in footnotes 91 through 95 is either missing, irrelevant, or does not support the assertion).

Given these previous missteps, and that the rules at issue are clear and unambiguous, the Court finds that Ms. Copeland's failure to timely file a notice of appeal was not "excusable neglect" in this case. Pincay, 389 F.3d at 859 (leaving to the district court the discretion to evaluate "excusable neglect" using "factors such as whether the lawyer had otherwise been diligent [and] the quality of representation of the lawyers . . . .").

ORDER

For the reasons stated, Hoy's Motion for Extension of Time to File Notice of Appeal [91] is denied.

IT IS SO ORDERED

Dated this 21 day of September, 2015.

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 8